The opinion of the Court was delivered by
Johnson, J.
By the common law, it would seem, that one joint tenant or tenant in common, had no remedy at law against the other, when one had received the whole profits of the estate, for, say the books, he could not be charged as bailiff or receiver to his companion. But by the Statute 4 Ann. c. 16, § 27, (which is of force in this Statesee P. L. 97,) the action of account is *517 given. 2 Cruise, Dig. 497,526. This form of action has never been, and is not now, in general use in this State, in the Law Courts ; and the jurisdiction of the Courts of Equity, in matters of account, seems to have entirely superseded it; and I doubt, notwithstanding the supposed analogy between this and the case of Coles vs. Coles, 15 Johns. R. 159, whether assumpsit could be maintained in the general jurisdiction of the Courts of Law. But this is a 'suit by summary process, in which the Law Courts exercise a quasi equity jurisdiction, in which either party may obtain a discovery from the other, as in Chancery; and in which matters of account, under £20 sterling, are determinable, as in Chancery. We are, therefore, of opinion, that the suit was well brought, and that the motion ought to be dismissed.
O’Neall and Harper, JJ., concurred.

Motion dismissed.